UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61923-CIV-SINGHAL

WALTER AUTO LOAN TRUST; AGORATRADE LLC; AGORATRADE LLC as Trust Manager and Beneficiary of the Walter Auto Loan Trust; and AGORA DATA, INC.,

    Plaintiffs,

v.

TRACK MOTORS LLC dba TRACK MOTORS and MBF FINANCE LLC,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Walter Auto Loan Trust, AgoraTrade, LLC, AgoraTrade LLC as Trust Manager and Beneficiary of the Walter Auto Loan Trust, and Agora Data Inc.'s (collectively, "Plaintiffs") Expedited Motion for Preliminary Injunction, Temporary Restraining Order, and Pre-Judgment Writ of Replevin ("Expedited Motion") (DE [11]); Plaintiffs' Motion to Dismiss Defendants' Amended Counterclaims ("Motion to Dismiss") (DE [15]); Magistrate Judge Damian's Report and Recommendation regarding Plaintiffs' Motion to Dismiss ("Report and Recommendation") (DE [38]); and Defendants Track Motors and MBF Finance LLC's (collectively, "Defendants") Objections to the Report and Recommendation ("Objections") (DE [39]).  For the reasons discussed below, the Expedited Motion is denied, and the Court affirms and adopts Judge Damian's Report and Recommendation.  As such, Plaintiffs' Motion to Dismiss is granted in part and denied in part and Defendants' Objections are denied.

I. <u>Expedited Motion for Preliminary Injunction, Temporary Restraining Order, and Pre-Judgment Writ of Replevin</u>

For a district court to grant a motion for a preliminary injunction and temporary restraining order, it must find that the movant has demonstrated "(1) a substantial likelihood of success on the merits; (2) that irreparably injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). "The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir.1974). A preliminary injunction is "an extraordinary and drastic remedy" and is "not to be granted unless the movant 'clearly established the burden of persuasion' as to the four prerequisites." *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983) (citations omitted). If the movant fails to carry its burden as to any one of the prerequisites, its request for an injunction or restraining order must be denied. *See id.*

Here, Plaintiffs filed its Expedited Motion on November 28, 2022, with the motion being fully briefed and ripe for review on January 6, 2023. (DE [28]) (Plaintiffs reply in support of its Expedited Motion). The date of this order is September 15, 2023, almost 10 months after Plaintiffs first filed its Expedited Motion. The Court acknowledges its own fault in not ruling on the Expedited Motion sooner, but finds that, to its knowledge and to date, Plaintiffs have not suffered an irreparable injury. As such, Plaintiffs request for a preliminary injunction and temporary restraining order are denied without prejudice.

The same ruling and analysis also extend to Plaintiffs request for a pre-judgement writ of replevin. For a court to issue a writ of replevin, it must find, amongst other things,

that the movant has demonstrated that "the defendant is engaging in, or is about to engage in, conduct that will place the subject property in danger of destruction, concealment, waste, removal from the state, or transfer to an innocent purchaser; . . ." FLA. STAT. § 78.068.  The Court again acknowledges its own fault in not ruling on the Expedited Motion sooner but finds it unlikely that Defendants will act in a manner that will place the property at issue in danger if it has yet to do so in the ten months since the Expedited Motion has been filed. As such, Plaintiffs request for a pre-judgment writ of replevin is denied without prejudice.

II. Motion to Dismiss Defendants' Amended Counterclaims.

On August 3, 2023, Magistrate Judge Damian issued a Report and Recommendation that Plaintiffs' Motion to Dismiss Defendants' Amended Counterclaims be granted in part and denied in part.  (DE [38] at 5-11) (recommending that Defendants' conversion claim be dismissed but that Defendants have alleged a plausible claim under FDUTPA).  Defendants timely filed its Objections to the Report and Recommendation (DE [39]).[1]  The Court has conducted a *de novo* review of the portions of the Report to which objections have been filed, in accordance with 28 U.S.C. § 636(b)(1)(C) and has reviewed the remainder of the Report for clear error. *Schwartz v. Jones,* 2020 WL 905234, at *1 (S.D. Fla. Feb. 25, 2020), *aff'd sub nom. Schwartz v. Sec'y, Fla. Dep't of Corr.,* 842 Fed. Appx. 442 (11th Cir. 2021).

Defendants object to Judge Damian's recommendation that the Court dismiss Defendants' conversion claim (Count II).  (DE [39] at 1).  With respect to the conversion claim, Judge Damian found that "Defendants have failed to identify the amount of money or the specific funds allegedly converted, indicate whether the money is kept separate or

---

[1] Plaintiffs did not file any objections to Magistrate Judge Damian's Report and Recommendation.

otherwise identifiable, or whether there was 'an obligation to keep intact or deliver the specific money in question, so that such money can be identified.'" (citations omitted) (DE [38] at 8). In their Objections, Defendants respond that they can allege the deficient facts that Judge Damian deemed missing and request to file a Second Amended Counterclaim. (DE [39] at 2); (DE [39-2]) (proposed Second Amended counterclaim). Although district courts "should freely give leave [to amend pleadings] when justice so requires, Fed. R. Civ. P. 15(a)(2), because permitting Defendants Second Amended counterclaim would be futile, its Objections and request to amend are denied with prejudice. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (discussing how a district court can freely deny leave to amend a pleading when the "complaint as amended is still subject to dismissal") (citations omitted).

While Judge Damian properly analyzed and summarized the relevant Florida law for a conversion claim, (DE [38] at 5-6), a quick recap is useful. Under Florida law, the elements of conversion are (1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." *Joe Hand Promotions, Inc. v. Creative Ent., LLC*, 978 F.Supp.2d 1236, 1241 (M.D. Fla. 2013). Florida courts only recognize conversion claims for money in limited circumstances, and that is when the money at issue is "specifically identifiable." *Intabill, Inc. v. Elie*, 2009 WL 3232520, at *2 (M.D. Fla. Sept. 29, 2009); *see also Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. Dist. Ct. App. 1970) ("To be a proper subject of conversion each coin or bill need not be earmarked, but there must be an obligation to keep intact or deliver the specific money in question, so that such money can be identified."). Although Defendants have taken a few steps down the right path towards properly pleading a conversion claim for money, its Second Amended Counterclaims do not sufficiently allege that the money is

4

specifically identifiable.

In their attempt to resolve the deficiencies highlighted in the Report and Recommendation, Defendants attach an exhibit that purports to contain three loan portfolios that are supposed to show the "specifically identifiable" money at issue. These portfolios, however, do not. To start, the resolution is grainy and the exhibit cannot clearly be read, which off-the-bat reduces its potential probative value. The only information that can really be gleaned from the three portfolios in the exhibit are three line-items at the bottom of each portfolio that state "Other Amount Retained by Agora" (two of the portfolios) and "Other Amount to Paydown Borrowing Base" (one of the portfolios). (DE [39-2]). The values represented by these line-items appears to summarize money that Plaintiffs allegedly converted, but it is not clear how Defendants arrived at these numbers. The portfolios do not clearly explain the math, and each portfolio contains significantly more money than the alleged wrongly converted money. *See, e.g.*, (DE [39-2]) (Portfolio for TAM005 contains a total principal balance of $388,807 but the amount retained by Agora is only $102,859). One is therefore left wondering how Defendants identified the dollar amounts of the money in the portfolios, and if that is the case, Defendants have clearly not met their burden of alleging that the money is specifically identifiable. *See Belford Trucking*, 243 So. 2d at 648. To grant Defendants' request to file a second amended counterclaim would therefore be futile because the as proposed amendment is still subject to dismissal under Rule 12(b)(6). Defendants Second Amended Counterclaim as to Count II is therefore dismissed with prejudice. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Expedited Motion for Preliminary Injunction, Temporary Restraining Order, and Pre-Judgment Writ of Replevin is **DENIED WITHOUT PREJUDICE**. To the extent the Plaintiffs wish to renew its Expedited Motion,

it is free to do so within fourteen (14) days of entry of this order.

It is further **ORDERED AND ADJUDGED** that Magistrate Judge's Damian's Report and Recommendation (DE [38]) is **AFFIRMED** and **ADOPTED**.  Plaintiffs' Motion to Dismiss (DE [22]) is **GRANTED** as to Count II (conversion claim) and denied as to Count IV (FDUTPA claim).  Defendants' request (in its Objections) to file a Second Amended Counterclaim as to Count II (DE [39]) is **DENIED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of September 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF